IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                    No. CR 11-2697 JB

MANUEL ARTURO GARCIA-VALENZUELA,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Letter from Manuel Arturo Garcia-Valenzuela to the Court, filed January 19, 2012 (Doc. 20)("Letter").  The Court held a hearing on January 25, 2012.  The primary issue is whether the Court should grant Defendant Manuel Arturo Garcia-Valenzuela's request for new counsel.  The Court will deny the request contained in the Letter as moot.  In the Letter, Garcia-Valenzuela asserts that his attorney, Assistant Federal Public Defender Benjamin A. Gonzales, has not represented him in a reasonable manner and that Mr. Gonzales has not visited him in jail.  See Letter at 1.  After Garcia-Valenzuela and Mr. Gonzales discussed Garcia-Valenzuela's concerns with the Court, Garcia-Valenzuela determined that he wanted to have Mr. Gonzales continue his representation and that the case should proceed to sentencing.  See Transcript of Hearing at 15:17-24 (January 25, 2012)(Court, Garcia-Valenzuela)("Tr.").[1]  Mr. Gonzales asserted that he had visited Garcia-Valenzuela several times and explained that there was some confusion regarding a 16-level enhancement, pursuant to U.S.S.G. § 2L1.2.  See Tr. at 6:18-9:6 (Gonzales).  He noted that Garcia-Valenzuela does not dispute his guilt

---

[1]The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version.  Any final transcript may contain slightly different page and/or line numbers.

in his Letter or ask to withdraw his guilty plea. See Tr. at 9:7-23 (Gonzales). Garcia-Valenzuela

stated that, when he entered his guilty plea, he thought that his guideline range would be 41 to 51

months, but that the United States Probation Office ("USPO") has calculated it as 63 to 78 months.

Tr. at 11:14-19 (Garcia-Valenzuela). The Court explained that parties will often estimate the

guideline range, but that it is only after the USPO investigates that the calculation is finalized, and

that, here, the USPO applied a 16-level enhancement which other offices had failed to calculate.

See Tr. at 11:23-12:22 (Court). The Court informed Garcia-Valenzuela that Mr. Gonzales has

appeared before it numerous times and that it knows that Mr. Gonzales has represented those clients

well. See Tr. at 15:7-9 (Court). The Court asserted that it was not sure that, if the Court appointed

someone else, that attorney would be able to perform any better for him. See Tr. at 15:9-16 (Court).

Garcia-Valenzuela then asserted that he wished to continue to sentencing with Mr. Gonzales as his

attorney. See Tr. at 15:22-25 (Court, Garcia-Valenzuela). Because Garcia-Valenzuela determined

that he wanted Mr. Gonzales to continue to represent him and withdrew his objections, the Court

will deny the request in his Letter as moot.

IT IS ORDERED that the request for new counsel in the Letter from Manuel Arturo Garcia-

Valenzuela to the Court, filed January 19, 2012 (Doc. 20), is denied as moot.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Kenneth J. Gonzales
  United States Attorney
Raul Torrez
  Assistant United States Attorney
United States Attorney's Office
Albuquerque, New Mexico

      *Attorneys for the Plaintiff*

Benjamin A. Gonzales
  Assistant Federal Public Defender
Federal Public Defender's Office
Albuquerque, New Mexico

    *Attorney for the Defendant*