# UNITED STATES DISTRICT COURT
**District of New Mexico**

| UNITED STATES OF AMERICA | **Judgment in a Criminal Case** |
|---|---|
| V. | |
| **Manuel Arturo Garcia-Valenzuela** | (For Offenses Committed On or After November 1, 1987) |
| | Case Number: **2:11CR02697-001JB** |
| | USM Number: **71977-080** |
| | Defense Attorney: **Benjamin Gonzales, Appointed** |

THE DEFENDANT:

☒ pleaded guilty to count(s) **Information**
☐ pleaded nolo contendere to count(s)  which was accepted by the court.
☐ after a plea of not guilty was found guilty on count(s)

The defendant is adjudicated guilty of these offenses:

| *Title and Section* | *Nature of Offense* | *Offense Ended* | *Count Number(s)* |
|---|---|---|---|
| 8 U.S.C. Sec. 1326(a)/(b) | Re-entry of a Removed Alien | 07/10/2011 | |

The defendant is sentenced as provided in pages 2 through **5** of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count .
☐ Count   dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**January 25, 2012**
Date of Imposition of Judgment

**/s/ James O. Browning**
Signature of Judge

**Honorable James O. Browning**
**United States District Judge**
Name and Title of Judge

**July 26, 2012**
Date Signed

Defendant: **Manuel Arturo Garcia-Valenzuela**
Case Number: **2:11CR02697-001JB**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **46 months**.

**The Court recommends that Immigration and Customs Enforcement begin removal proceedings during service of sentence. Pursuant to section 5D1.1(c), the Court will not impose a term of supervised release.**

**Defendant Manuel Arturo Garcia-Valenzuela, pursuant to a Plea Agreement, filed October 17, 2011 (Doc. 14), pled guilty to the Information, filed October 17, 2011 (Doc. 11), charging him with a violation of 8 U.S.C. § 1326(a) and (b), that being re-entry of a removed alien. The parties agree to a 2-level reduction to his offense level pursuant to U.S.S.G. § 3E1.1(a) for acceptance of responsibility and, to the extent applicable, a 1-level reduction pursuant to U.S.S.G. § 3E1.1(b). See Plea Agreement ¶ 6, at 2. The parties agree, pursuant to the United States Attorney`s Office fast-track plea agreement program and U.S.S.G. § 5K3.1, to a 1-level reduction; in exchange, Garcia-Valenzuela agreed to waive his appellate rights. See Plea Agreement ¶¶ 6, 12, at 2, 5-6. The parties reserve the right to "assert any position or argument with respect to the sentence to be imposed" other than with respect to the stipulations contained in the Plea Agreement. Plea Agreement ¶ 8, at 3-4.**

**On November 30, 2011, the United States Probation Office ("USPO") disclosed a Presentence Investigation Report ("PSR") for Garcia-Valenzuela. The PSR calculates a base offense level of 8 pursuant to U.S.S.G. § 2L1.2(a). See PSR ¶ 11, at 4. The PSR applies a 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A), because Garcia-Valenzuela has a prior conviction for "a felony crime of violence" for indecency with a child. PSR ¶ 12, at 4. The PSR calculates Garcia-Valenzuela`s adjusted offense level as 24, and his total offense level as 21 after a 3-level reduction for acceptance of responsibility. See PSR ¶¶ 16-18, at 6. Based on the Plea Agreement, the PSR further reduces the total offense level to 20. See PSR ¶ 19, at 6. The PSR calculates Garcia-Valenzuela`s criminal history category as V based on 10 criminal history points. See PSR ¶ 37, at 12. The PSR calculates that an offense level of 20 and a criminal history category of V establishes a sentencing range of 63 to 78 months. See PSR ¶ 64, at 18.**

**Garcia-Valenzuela asks the Court for a sentence at the low end of the guidelines. He also argues that a lower guideline range is likely more appropriate in light of the age of his 1996 conviction for indecency with a child. He explains that a more appropriate sentence would be a sentence within the range of either 33 to 41 months, the equivalent of the Court applying a 12-level enhancement instead of a 16-level enhancement as well as not assigning criminal history points to his 1996 conviction for indecency with a child, or within a range of 41 to 51 months, the equivalent of the Court applying a 12-level enhancement instead of a 16-level enhancement. At the sentencing hearing, Plaintiff United States of America stated that it opposed any variance and requested a sentence of 78 months. Before any downward departure, the offense level is 21 and the criminal history category is V, establishing a guideline imprisonment range of 70 to 87 months. Pursuant to rule 11(c)(1)(c) of the Federal Rules of Criminal Procedure and U.S.S.G. § 5K3.1 of the sentencing guidelines, the Court accepts the plea agreement, which stipulates to an offense level of 20. The Court is satisfied that the agreed-on offense level departs for justifiable reasons. The plea agreement is pursuant to a nonstandard fast-track plea agreement. In section 401(m)(2)(B) of the PROTECT Act of 2003, Pub. L. No. 109-21, § 401(m)(2)(B), 117 Stat. 650, 675, Congress approved early disposition or fast-track programs if certain conditions are met. The Court believes that these conditions are met in this case, and this departure is in the lower part of the range of departures that Congress allowed. The Court`s sentence will be consistent with the Plea Agreement. The Court adopts the sentencing calculations in the PSR as its own. An offense level of 20 combined with a criminal history category of V establishes a guideline imprisonment range of 63 to 78 months.**

**Garcia-Valenzuela illegally re-entered the United States after previously being deported as the result of a felony conviction. The Court has carefully considered the parties` arguments and the circumstances of this case. The Court has considered the guideline range for the applicable category of offense committed by the applicable category of defendant. The Court believes that the punishment that the guidelines set forth is not appropriate for Garcia-Valenzuela`s offense. The Court concludes that a sentence of 46 months is sufficient to reflect the seriousness of this offense. It appears that, during the sentencing proceedings for Garcia-Valenzuela`s prior illegal re-entry convictions in 1997 and 2008, in Idaho and Arizona respectively, those probation offices did not treat his 1996 conviction for indecency with a child as a crime of violence. See PSR ¶¶ 34-35, at 11. He received a sentence of 27-months imprisonment in Idaho and a sentence of 8-months imprisonment in Arizona. See PSR ¶ 34-35, at 11. The low end of Garcia-Valenzuela`s guideline range is now significantly higher than the sentences he received for those previous immigration offenses. It is also worth noting that this conviction is relatively old. Nevertheless, the Court concludes that Garcia-Valenzuela`s sentence for this offense should be higher than those he received for his prior immigration offenses, because he has extensive criminal history and he has now entered the country illegally several times. Accordingly, the Court believes that these three factors**

weigh in favor of a variance: (i) the confusion surrounding the application of the 16-level enhancement; (ii) the age of the conviction; and (iii) the fact that this sentence will be significantly longer than any sentence previously imposed. The Court concludes that a variance equating to a 4-level reduction, which would effectively change the 16-level enhancement for the crime of violence to a 12-level enhancement, would not be appropriate in light of his number of re-entry offenses, his extensive criminal history, and Congress`s judgment that crimes of violence in a defendant`s past warrant additional punishment. Nevertheless, a variance equating to a 3-level reduction accounts for the mitigating circumstances surrounding the guidelines` treatment of Garcia-Valenzuela`s 1996 conviction and better reflects the factors listed in 18 U.S.C. § 3553(a).

The Court has considered the guidelines, but, in arriving at its sentence, has taken into account not only the guidelines but other sentencing goals. The Court believes that a sentence of 46 months is adequate to reflect Garcia-Valenzuela`s criminal history and the seriousness of Garcia-Valenzuela`s crime. This sentence adequately reflects the seriousness of the offense, promotes respect for the law, provides just punishment, affords adequate deterrence, protects the public, avoids unwarranted sentencing disparities among similarly situated defendants, and otherwise fully reflects each of the factors embodied in 18 U.S.C. § 3553(a). This sentence is the highest one Garcia-Valenzuela has received for an immigration offense. Thus, the Court concludes that the sentence adequately reflects the seriousness of the offense, promotes respect for the law, and affords adequate deterrence both to Garcia-Valenzuela and to the public at large. As the Court has discussed, there are some mitigating circumstances regarding how the guidelines treat Garcia-Valenzuela`s 1996 conviction, because his previous sentences in Arizona and Idaho do not appear to have applied a crime of violence enhancement. Thus, the Court concludes that this sentence provides just punishment. Furthermore, in light of this sentence being the highest one Garcia-Valenzuela has received for an immigration offense, the Court concludes that the sentence protects the public. It is also worth noting that much of Garcia-Valenzuela`s criminal history predates the year 2000, as he has received only one conviction in the last decade. And that conviction was for an immigration offense. Thus, consistent with the principle that an individual`s rate of recidivism tends to decrease with age, Garcia-Valenzuela`s has not recidivated as frequently in the last decade. He is now approximately 51 years old, and his rate of recidivism, at least for violent crimes, will likely remain low upon his release. Moreover, Garcia-Valenzuela has a reason to stay in Mexico, where his current wife and minor child reside. See PSR ¶ 50, at 16. In light of the complications with the guidelines` treatment of Garcia-Valenzuela`s 1996 conviction, the Court concludes that the sentence does not promote unwarranted sentencing disparities among similarly situated defendants. While the Court`s task, as a district court, is not to arrive at a reasonable sentence -- it is to come up with one that reflects the factors in 18 U.S.C. § 3553(a), see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district court`s job is not to impose a reasonable sentence. Rather, a district court`s mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2)." (citation omitted)) -- the Court believes this sentence is reasonable. And perhaps most important in this calculation, the Court believes that this sentence is sufficient, but not greater than necessary to comply with the purposes of punishment Congress set forth in the Sentencing Reform Act of 1984, Pub. L. No. 98-473, 98 Stat. 1987 (codified as amended in scattered sections of 18 U.S.C.). The Court sentences Garcia-Valenzuela to 46-months imprisonment.

☐   The court makes the following recommendations to the Bureau of Prisons:


☒   The defendant is remanded to the custody of the United States Marshal.
☐   The defendant shall surrender to the United States Marshal for this district:
    ☐   at  on
    ☐   as notified by the United States Marshal.
☐   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
    ☐   before 2 p.m. on
    ☐   as notified by the United States Marshal
    ☐   as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to
_____ at _____ with a Certified copy of this judgment.

UNITED STATES MARSHAL

By
DEPUTY UNITED STATES MARSHAL

Defendant: **Manuel Arturo Garcia-Valenzuela**
Case Number: **2:11CR02697-001JB**

## CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties in accordance with the schedule of payments.

☐ The Court hereby remits the defendant's Special Penalty Assessment; the fee is waived and no payment is required.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $100.00 | $5,000.00 | $0.00 |

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

A ☒ In full immediately; or
B ☐ $ immediately, balance due (see special instructions regarding payment of criminal monetary penalties).

**Special instructions regarding the payment of criminal monetary penalties: Criminal monetary penalties are to be made payable by cashier's check, bank or postal money order to the U.S. District Court Clerk, 333 Lomas Blvd. NW, Albuquerque, New Mexico 87102 unless otherwise noted by the court. Payments must include defendant's name, current address, case number and type of payment.**

**The fine shall be paid in monthly installments of $100.00.**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.